IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THE PHOENIX INSURANCE COMPANY, TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, THE TRAVELERS INDEMNITY COMPANY, and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, | ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) Case No. 3:23-cv-3303-DWD |
| vs. | ) ) |
| ACKERCAMPS.COM LLC, K.V., a minor, by and through her Guardian, LYNAE VAHLE, and LYNAE VAHLE, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) |
| Defendants. | |

**STIPULATED PROTECTIVE ORDER**

**DUGAN, District Judge:**

WHEREAS, the Plaintiffs, The Phoenix Insurance Company, Travelers Casualty Insurance Company of America, The Travelers Indemnity Company, and Travelers Property Casualty Company of America (collectively, "Travelers"), and Defendant, Ackercamps.com LLC ("Ackercamps") may have in their possession confidential information within the meaning of Federal Rule of Civil Procedure 26(c) (Travelers and Ackercamps are collectively referred to herein as the "Parties");

1

WHEREAS, the Parties are conducting discovery which will, or is likely to, require them or another entity to exchange or disclose Confidential Information (as defined herein) that is or may be relevant to the subject matter of this proceeding;

WHEREAS, the Parties may disclose Confidential Information in written discovery responses, in depositions taken in this matter, and/or within and/or attached as exhibits to anticipated motions for summary judgment and related pleadings;

WHEREAS, the Parties, pursuant to *Waste Mgmt., Inc. v. Int'l Surplus Lines Ins. Co.*, 144 Ill. 2d 178, 579 N.E.2d 322 (1991), and other cases, may be required to disclose to one another materials that remain privileged and confidential as to other persons and entities;

WHEREAS, the Parties desire to protect and safeguard the Confidential Information against any disclosure to or use by any and all non-parties;

WHEREAS, the Parties have agreed that entry of this Stipulated Protective Order ("Order") will protect confidential or privileged information from disclosure to any non-parties;

WHEREAS, the Parties agree to the provisions of this Order and have requested that it be entered by this Court; and

WHEREAS, each Party has consented and agreed to conduct all matters in this case, including all discovery, court filings and hearings, involving Confidential Information pursuant to the terms of this Order.

THE COURT ORDERS, AND THE PARTIES HEREBY STIPULATE, as follows:

1. Permitted Use of Confidential Information.

For the purpose of this Order, "Confidential Information" shall mean all information or material that is produced or disclosed in the above-captioned coverage action (the "Litigation") that any Party in good faith considers confidential, privileged, proprietary, or not otherwise publicly available designated as "CONFIDENTIAL." This includes documents or information falling within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (g) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information. The Confidential Information shall be used by the Party receiving such Confidential Information only for purposes relating to the litigation between and among the Parties in the Litigation ("Permitted Purpose"), and not for any other purpose. In particular, Confidential Information shall not be used in any litigation other than this lawsuit. Additionally, all Parties shall take appropriate measures to prevent the inadvertent disclosure of Confidential Information to any person or entity other than those permitted to receive Confidential Information pursuant to the terms of this Order.

2. Confidential Information Designations.

    a. Documents that any Party or any person who is required to produce documents or information in discovery in this case deems to contain or constitute Confidential Information shall be so designated by clearly marking "CONFIDENTIAL" on each page thereof and all copies thereof.

    b. Documents previously marked "CONFIDENTIAL" that are subject to any prior agreement or order shall be deemed "CONFIDENTIAL" for the purposes of this Order and Litigation, without the Party being required to redesignate such materials.

    c. Documents previously marked as "SETTLEMENT COMMUNICATION," "PRIVILEGED," "ATTORNEY WORK PRODUCT" or any similar designation shall be deemed to be "CONFIDENTIAL" for the purposes of this Order and Litigation, without the Party being required to redesignate such materials.

3. Scope of Protective Order.

This Order applies to all discovery and any trial in this Litigation involving Confidential Information, including, but not limited to, depositions upon oral examination or written questions pursuant to Federal Rules of Civil Procedure 30 and 31, answers to interrogatories pursuant to Federal Rule of Civil Procedure 33, documents and things produced pursuant to Federal Rule of Civil Procedure 34, answers to requests for admissions pursuant to Federal Rule of Civil Procedure 36, documents, things and testimony obtained by subpoena or pursuant to any independent investigation undertaken by or on behalf of any Party, and all hearings or trial(s) conducted in this case.

4. Deposition Testimony.

    a. Information disclosed at a deposition, including testimony, may be designated by any party as Confidential Information for purposes of this Order by indicating on the record at the deposition that the testimony is confidential and subject to the provisions herein. Additionally, or alternatively, any Party may designate information disclosed at a deposition as Confidential Information by notifying all counsel in writing within ten (10) business days of receipt of the deposition transcripts of the specific pages and lines of the transcript that are deemed confidential. At the request of any Party, during the disclosure of Confidential Information at a deposition, attendance shall be restricted to permitted persons in accordance with Paragraph 10 hereof, and the attorneys for the deponents. If Confidential Information is to be used in a deposition, counsel for the Parties will cooperate to ensure that such Confidential Information is adequately safeguarded.

    b. All deposition transcripts shall be deemed Confidential Information until the expiration of ten (10) business days after the receipt by counsel for all Parties of the deposition transcript to allow counsel sufficient opportunity to make such designation. If counsel believes that the deposition transcript or portions thereof constitutes Confidential Information, counsel shall so designate in writing within that ten (10) day period the specific pages and lines constituting Confidential Information.

5. Responses to Interrogatories and Requests for Admissions.

If a response to an interrogatory or request for admission contains Confidential Information, the response shall be provided in a separate document with the appropriate confidentiality designation, appended to the main body of the responses and incorporated by reference therein. The response to the interrogatory or request for admission in the main body of the responses shall be: "Requests Confidential Information, *see* response in confidential addendum, which response is incorporated herein by reference."

6. Filing Confidential Information Under Seal With the Court.

Any Confidential Information to be filed by any Party with the Court shall be filed under seal with the Clerk of the Court in an envelope specially marked as follows:

CONFIDENTIAL

> This envelope contains documents that are subject to a Stipulated Protective Order governing the use of confidential material. The envelope shall not be opened nor the contents thereof displayed or revealed (other than to court personnel) except by order of the Court.

7. Challenge To Designation.

In the event that any Party disputes the designation by the Designating Party of any Confidential Information, or disagrees with the Designating Party's failure to designate any information as Confidential Information, the Parties shall first seek to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting Party may seek appropriate relief from the Court on not less than ten (10) business days' written notice. No Party shall be obligated to challenge a confidentiality

designation immediately, and delay in asserting a challenge shall not constitute a waiver of the right to assert a challenge. The Parties may, by written stipulation, provide for exceptions to this Order. In any dispute regarding the appropriateness of a designation of Confidential Information, the Designating Party shall have the burden of persuasion.

8. Designation Of Materials After Production.

A Party may designate materials or information as Confidential Information after disclosure of such information by written notice to all other Parties, so long as it does so within 10 days after learning of the need to designate such information. When a Party makes a designation pursuant to this paragraph, counsel for all other Parties shall make reasonable efforts to assure the proper treatment of such information, which may include securing the return of such information from persons to whom disclosure was made but to whom disclosure would not have been permitted by this Order had the material been so designated prior to disclosure.

9. Disclosure Does Not Waive Privileges Or Protections.
    a. To facilitate speedy production of documents, and in recognition of the number of documents potentially subject to production in this Litigation, inadvertent production of a privileged document during discovery shall not, subject to the following conditions, constitute a waiver—in whole or in part—of the attorney-client, work product, or any other privilege(s) applying to that document. The production of any document shall not constitute a waiver of any right to request return of documents produced inadvertently.

b. If a Party determines that a document was inadvertently produced, return of that document shall be requested from the Parties in writing within ten (10) business days of the date the inadvertent production was discovered.

c. Subject to paragraph 9(d) below, the original and all duplicates of an inadvertently produced document shall be returned within ten (10) days of such a request.

d. If the Party to whom the document was produced does not agree with the assertion of an inadvertent production, that Party shall notify the producing Party within ten (10) business days. The Party claiming inadvertent production may raise the issue with the Court by filing an appropriate motion within ten (10) business days of such a notification. Failure to file such a motion within that period shall be deemed a withdrawal and waiver of any assertions as to the document. All Parties shall sequester the inadvertently produced document(s) pending the Court's resolution. The Parties may refer to the document in any motions to the Court concerning that/those document(s).

e. If a claim that the document(s) was/were inadvertently produced is made by any party during a deposition, upon request of any party, questioning on a document believed to have been inadvertently produced shall immediately cease, provided that any party shall have the right to continue the deposition to question the witness about a document that the Parties or the Court later determines is not subject to the privilege.

    f. In the event that any Confidential Information is disclosed by any Party in contravention of this Agreement, either willfully or inadvertently, the Confidential Information shall not lose its status through such disclosure, nor shall any privilege, work product or any other protection attaching to such information be waived, and the Parties shall take all steps reasonably required to assure its continued confidentiality.

    g. Disclosure of "Confidential Information" pursuant to this Protective Order shall not result in the waiver—in whole or in part—of the attorney-client privilege, work product doctrine, or any other applicable protection.

10. Disclosure Of Information Designated as "CONFIDENTIAL."

Except as otherwise may be provided in this Order, information or documents designated as "CONFIDENTIAL" shall not be disclosed to any person other than:

    a. Counsel retained or employed by the Parties, and their respective current and former employees, contract attorneys, and administrative support personnel (including those persons and firms engaged in the copying or organization or conversion of documents from or to electronic media) retained by counsel to the extent necessary for the Permitted Purpose;

    b. The Parties, and their respective present and former directors, officers, claims administrators, and employees;

    c. Experts and consultants retained by counsel for the Parties in connection with this Litigation to the extent necessary for the Permitted Purpose.

  d. Any court reporter, typist, and videographer rendering services in the Litigation.

  e. Any potential witness, and persons called to testify at any deposition, hearing, or trial in the Litigation, and his or her counsel, provided that the potential witness or person called to testify is a former employee of the party who designated the material.

  f. The Judge and court staff during the trial of the Litigation or any hearing conducted in connection with the Litigation, provided that the party using such materials shall notify the Court and designating Party in advance to permit the Parties to seek appropriate protections from disclosure in open court.

  g. Any reinsurers or retrocessionaires of those Parties that are insurance companies; and

  h. Any other person, including, without limitation, any entity that has a statutory, regulatory, or contractual right to review information contained in the files of those Parties that are insurance companies including state regulators, auditors, and accountants of those Parties that are insurance companies.

All persons and entities entitled to receive Confidential Information pursuant to Paragraphs 10(c) and (e) above shall be informed of the terms, and provided with a copy of this Order, and instructed that they are bound by its terms and required not to disclose Confidential Information. In addition, those persons and entities entitled to receive Confidential Information pursuant to Paragraphs 10(c) and (e) above shall, prior to

disclosure, execute the Acknowledgement in the form attached hereto as Exhibit A, agreeing to be bound by the terms of this Order. With respect to Paragraph 10(e), any person called to testify at any deposition, hearing, or trial who refuses to sign Exhibit A may be shown Confidential Information but shall not be permitted to retain copies of such materials.  The disclosure of Confidential Information to any persons and entities entitled to receive Confidential Information pursuant to Paragraph 10 does not in any way act as a waiver of any claimed privilege.

11. Confidential Information Is Privileged As To Non-Parties.

    a. The Parties acknowledge that the nature of this insurance coverage action will make it necessary for the Parties to share documents that, under other circumstances, would not be produced to opposing parties in litigation because of attorney-client privilege, attorney work product doctrine, or other similar privileges or doctrines. The Parties agree that the Parties do not intend to waive any such privilege or protection with respect to any third party, outside of the current parties to this Litigation. The Parties further agree to cooperate and jointly to use their best efforts to resist any assertion or claim by any third party, or any other person, that a waiver has been effectuated by any production of such documents that may be required in this case under applicable law.

    b. Any person who is required to produce documents or information in discovery in this case may designate material they produce as Confidential Information pursuant to this Order.

    c. Any Party's disclosure or production of Confidential Information as set forth in this Order does not waive the privileges and confidentialities of that Confidential Information.

12. Disclosure In Other Actions Or To Non-Signatory Parties.

    a. Any person or Party subject to this Order who becomes subject to a request or motion to disclose information or material that another Party has designated as Confidential Information pursuant to this Order shall give the other Parties prompt written notice within five (5) business days after receipt of the request or motion so that the other Parties may have an opportunity to appear and be heard on whether that information or material should be disclosed.

    b. The Parties agree that, with respect to any request for documents or materials subject to this agreement, including compulsory process:

        i. Within 5 business days of receiving the notice required in Paragraph 12(a), the Parties shall disclose to each other, in writing, whether any of them intend to challenge the request.

        ii. In the event that any Party elects to challenge the request, the Party who received the request shall not produce documents or materials subject to this Order pending the Court's determination of its production obligation, or as otherwise agreed by all Parties.

        iii. The Parties will cooperate in good faith with each other with respect to any requests for documents or materials subject to this agreement.

    c. Subject to paragraphs 12(a) and (b), any person or Party who produces documents in response to a request, motion to disclose, or a subpoena must inform in writing the person, entity, or party that caused the request, motion or subpoena to issue that some or all of the information or material covered by the motion or subpoena is the subject of this Order and forward a copy of this Order.

    d. In the event that Confidential Information is subpoenaed or demanded by any entity purporting to have authority to require production of the Confidential Information, the person receiving the subpoena shall immediately give written notice of the subpoena or demand to the designating party or person, who shall then have sole responsibility for opposing or objecting to the production of the Confidential Information. The recipient of the subpoena will not produce the Confidential Information until the designating party has had an opportunity to oppose production, but if the time allowed for production in the subpoena (including any negotiated extensions) expires without action from the designating party, the recipient of the subpoena may produce the requested Confidential Information. The recipient of the subpoena or demand shall not produce Confidential Information while a motion for protective order (including appeals) is pending, unless ordered by a court to do so.

13. Other Provisions.

    a. All Parties and other persons who receive information designated as CONFIDENTIAL shall be under a continuing duty not to disclose such

information obtained in the course of this Litigation, including any appeal thereof, this duty shall continue in full force and effect after the completion of this case, and the Court shall retain jurisdiction to resolve any dispute concerning the use of such Confidential Information.

b. Any dispute that arises under this Order shall be resolved by motion made before the Court upon not less than ten (10) business days' written notice.

c. During the pendency of the Litigation, including any appeal thereof, all notices required under this Order shall be provided to counsel of record. Upon conclusion of this Litigation, all notices required under this Order shall be provided via email, if available, overnight courier, or certified mail to the persons listed in Exhibit B. Any changes to Exhibit B shall be provided in writing to all Parties pursuant to this Paragraph.

d. This Order shall survive the conclusion of this Litigation including any appeal thereof, and the Court's jurisdiction. Should any provision herein be held unenforceable, such provision shall be deemed to be deleted as though it had never been a part of this Order, and the validity, legality and enforceability of the remaining terms and provisions shall not be in any way affected or imperiled thereby.

e. This Order shall remain in full force and effect after dismissal or entry of final judgment not subject to further appeal, subject to court-ordered or stipulated modifications or termination.

f.  Nothing in this Order shall relieve a party of its obligations to make timely responses or objections to discovery requests, or its right to seek relief from any inadvertent disclosure of privileged or work product information. Nothing in this provision, however, shall enlarge such obligations or rights.

g.  Upon dismissal or entry of final judgment not subject to further appeal, the parties shall work together to return, destroy or retain Confidential Information in a practical and efficient manner. Within sixty days of the conclusion of this lawsuit the parties shall exchange written confirmation of the agreed manner in which Confidential Information is to be handled. If agreement cannot be reached, both parties shall destroy all Confidential Information within 120 days of the conclusion of this lawsuit, subject to the following:

   i.  Counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information;

   ii. Any party that has received Confidential Information via email shall not be required to locate, isolate and return or destroy e-mails (including attachments to e-mails) that may include Confidential Information;

    iii. Any party that has received deposition transcripts or drafts or final expert reports that contain Confidential Information shall not be required to locate, isolate and return such deposition transcripts or drafts or final expert reports; and

    iv. Any retained Confidential Information shall continue to be protected under this Order.

h. By agreeing to this Order, no Party waives any arguments regarding the scope of discovery, including with respect to the production of privileged or otherwise protected materials and the application of the common-interest doctrine, and whether the discovery is inappropriate, premature, burdensome, or otherwise unwarranted for any reason.

i. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under applicable law until such time as the Court may rule on a specific document or issue.

**SO ORDERED.**

Dated: June 25, 2024                      /s *David W. Dugan*

                                                      DAVID W. DUGAN
                                                      United States District Judge

| | |
|---|---|
| SKARZYNSKI MARICK & BLACK LLP | REED SMITH LLP |
| By:_____<br>   Michael M. Marick, Esq.<br>   mmarick@skarzynski.com<br>   Karen M. Dixon, Esq.<br>   kdixon@skarzynski.com<br>   Rebecca C. Dunn, Esq.<br>   rdunn@skarzynski.com<br>   SKARZYNSKI MARICK & BLACK LLP<br>   353 N. Clark St.<br>   Suite 3650<br>   Chicago, IL 60654 | By:_____<br>   John Vishneski, Esq.<br>   jvishneski@reedsmith.com<br>   Claire Whitehead, Esq.<br>   cmwhitehead@reedsmith.com<br>   REED SMITH LLP<br>   10 South Wacker Drive<br>   40th Floor<br>   Chicago, IL 60606 |
| *Counsel for Plaintiffs The Phoenix Insurance Company, Travelers Casualty Insurance Company of America, The Travelers Indemnity Company, and Travelers Property Casualty Company of America* | *Counsel for Defendant Ackercamps.com LLC* |

**Exhibit A**

**ACKNOWLEDGEMENT OF STIPULATED PROTECTIVE ORDER**

    I hereby acknowledge that I have read and am familiar with the Stipulated Protective Order entered in *The Phoenix Insurance Company, et al. v. Ackercamps.com LLC, et al.*, No. 3:23-cv-3303-DWD, United States District Court for the Southern District of Illinois, and agree to be bound by the terms thereof. I agree not to disclose any documents designated as "Confidential" (or any of the confidential contents of such documents) or information concerning confidential material to anyone other than those persons authorized under the terms of the Stipulated Protective Order. I agree that to the extent that I or any of my employees are provided with Confidential Information, I will instruct such employees regarding the terms of the Stipulated Protective Order and will ensure that such employees do not disclose Confidential Information or material except as provided by the Stipulated Protective Order. I further agree that I will be subject to the jurisdiction of the United States District Court for the Southern District of Illinois with respect to matters relating to compliance with this Acknowledgement and the Stipulated Protective Order.

Date: _____

_____
Name

_____
Signatory's Business Address

_____

_____
Signatory's Residential Address

_____

Exhibit A

**EXHIBIT B**

**NOTICE LIST**

| The Phoenix Insurance Company, Travelers Casualty Insurance Company of America, The Travelers Indemnity Company, and Travelers Property Casualty Company of America: <br><br> Michael M. Marick, Esq. <br> mmarick@skarzynski.com <br> Karen M. Dixon, Esq. <br> kdixon@skarzynski.com <br> Rebecca C. Dunn, Esq. <br> rdunn@skarzynski.com <br> SKARZYNSKI MARICK & BLACK LLP <br> 353 N. Clark Street <br> Suite 3650 <br> Chicago, IL 60654 <br><br> *With copies to*: <br> Ling Ly <br> TRAVELERS <br> One Tower Square, 4MS <br> Hartford, CT  06183 | **Ackercamps.com LLC** <br><br> John Vishneski, Esq. <br> jvishneski@reedsmith.com <br> Claire Whitehead, Esq. <br> cmwhitehead@reedsmith.com <br> REED SMITH LLP <br> 10 South Wacker Drive <br> 40th Floor <br> Chicago, IL 60606 |