IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THE PHOENIX INSURANCE COMPANY, TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, THE TRAVELERS INDEMNITY COMPANY, and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>  Plaintiffs,<br><br>vs.<br><br>ACKERCAMPS.COM LLC, K.V., a minor, by and through her Guardian, LYNAE VAHLE, and LYNAE VAHLE, individually and on behalf of all others similarly situated,<br><br>  Defendants. | Case No. 3:23-cv-3303-DWD |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

This is an action for a declaratory judgment regarding an insurance coverage dispute. Now before the Court is a Motion to Strike by All Plaintiffs ("Travelers"). (Doc. 54). Travelers asks that the Court strike Defendant Ackercamps.com LLC's ("Ackercamps") two Motions for Summary Judgment, (Docs. 51, 52), for failure to comply with this Court's local rules. Ackercamps has filed a Response in Opposition. (Doc. 56). For the reasons stated below, the Court grants Travelers' Motion to Strike.

### Background

On October 24, 2024, Ackercamps filed two summary judgment motions. The first motion concerns Count V of Ackercamps' Counterclaim. (Doc. 51). The second concerns

1

Travelers' Complaint and Counts I-IV of Ackercamps' Counterclaim. (Doc. 52). On October 29, 2024, Travelers moved to strike both motions on three grounds: 1) the motions exceed the 20-page limit prescribed in Local Rule 7.1(a)(3) and 56.1(e); (2) the statements of material facts in both motions do not set forth each relevant, material fact in separately numbered paragraphs as required by Local Rule 56.1(a); and (3) the motion as to Count V of Ackercamps' Counterclaim fails to support each material fact with a specific citation to the record, as required by Local Rule 56.1(a), and improperly inserts argument into the statement of material facts. (Doc. 54). The Court will consider each argument in turn.

## Legal Standards

Courts have broad discretion to enforce strict compliance with local rules governing summary judgment motions. *Cichon v. Exelon Generation Co., LLC.*, 401 F.3d 803, 809-810 (7th Cir. 2005) (collecting cases). This includes the power to strike improper submissions under Local Rule 56.1. *Petty v. City of Chicago*, 754 F.3d 416, 420 (7th Cir. 2014).

The Southern District of Illinois' Local Rule 56.1 governs the procedures for filing and responding to motions for summary judgment in this Court. The rule is intended "to aid the district court, "'which does not have the advantage of the parties' familiarity with the record and often cannot afford to spend the time combing the record to locate the relevant information,' in determining whether a trial is necessary." *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011) (citations omitted). Under Local Rule 56.1(a), a party moving for summary judgment is required to submit a statement of material facts "which

2

sets forth each relevant, material fact in a separately numbered paragraph" with "specific citation(s) to the record." *See* L.R. 56.1(a); Fed. R. Civ. P. 56(1). Briefs in support of summary judgment are limited to 20 pages, exclusive of the documents listed in Local Rule 7.1(a)(3).[1] *See* L.R. 56.1(e). Accordingly, the Court "may strike any motion or response that does not comply with [Local Rule 56.1]." *See* L.R. 56.1(h).

## Discussion

In its Motion to Strike, Travelers raises several valid points regarding Ackercamps' failure to comply with Local Rule 56.1. (Doc. 54). First, Travelers argues that Ackercamps' two motions exceed the 20-page limit prescribed in Local Rule 56.1(e). (Doc. 54, pp. 3-5, 7-9). The Court notes that, Ackercamps' motions, taken together, total 38.5 pages in length (exclusive of the documents listed in Local Rule 7.1(a)(3)).[2] Ackercamps, on the other hand, argues that that its motions do not violate Local Rule 56.1(e) because each motion falls reasonably within the 20-page limit, the local rules do not forbid the filing of two separate summary judgment motions, and that it filed two separate motions to present distinct issues in an efficient manner. (Doc. 56, pp. 3, 5-6). Ackercamps' arguments fall flat for several reasons. First, Ackercamps fails to provide adequate reasoning as to why it should be set apart from all other litigants who are required to adhere to this Court's

---

[1] The documents excluded from the page limits in the Local Rules include the following: cover pages, tables of content, tables of authority, signature pages, certificates of service, exhibits, and Statements of Material Facts, Responses to Statements of Material Facts, Statements of Additional Material Facts, or Replies to Statements of Additional Material Facts. *See* L.R. 7.1(a)(3).

[2] Ackercamps erroneously states that the argument sections of its motions are 17 pages (Doc. 51) and 20 pages and 1 sentence long (Doc. 52). (Doc. 56, p. 3). However, the argument sections are in fact 18 (Doc. 51) and 21.5 pages long (Doc. 52).

local rules and be allowed to file nearly forty pages of argument in support of their two motions for summary judgment. Many motions for summary judgment are filed in this Court that deal with several distinct issues combined into one motion. Next, although a literal reading of Local Rule 56.1(e) does not specifically prohibit a party from filing more than one summary judgment motion, neither does it lend itself to the interpretation that a party may file multiple motions as it sees fit. Ackercamps could have sought leave of Court to exceed the 20-page limit, but chose not to, and will not be rewarded for any attempt to circumvent the local rules.

Travelers next alleges that Ackercamps' motions ought to be stricken for failure to set forth each material, relevant fact in separately numbered paragraphs, as required by Local Rule 56.1(a). (Doc. 54, pp. 5-6). Ackercamps appears to concede this point, as it attaches to its Response to the Motion to Strike an edited version of each of its summary judgment motions with numbered paragraphs in the material facts section. (Doc. 56, Exhs. C, E). The Court agrees that Ackercamps' motions, as originally filed, do not comply with this rule.

Finally, Travelers argues that the Court should strike Ackercamps' Motion for Summary Judgment as to Count V of its counterclaim, (Doc. 51), because it fails to support several material facts with a specific citation to the record, as required by Local Rule 56.1(a), and improperly inserts argument into the Statement of Material Facts. (Doc. 54, pp. 6-7). The Court again agrees. Although Ackercamps asserts that it provided citations for every material fact, some citations are included only once at the end of a single paragraph containing multiple material facts. (Doc. 51, pp. 12-13, 16). The result is

4

that some facts apparently share a citation.[3] This does not comply with the specific citation requirements of Local Rule 56.1(a), which serves the "important function" of organizing the evidence and identifying disputed facts. *F.T.C. v. Bay Area Bus. Council, Inc.*, 423 F.3d 627, 633 (7th Cir. 2005). Ackercamps statement of material facts also includes improper legal argument that Travelers "ignor[ed]" or "d[id] not comport with industry standards." (Doc. 51, pp. 12-13). Such legal arguments are not proper in a statement of material facts. *Cady v. Sheahan*, 467 F.3d 1057, 1060 (7th Cir. 2006) (A statement of material facts that "fail[s] to adequately cite the record and [is] filled with irrelevant information, legal arguments, and conjecture" does not comply with Rule 56.1). The Court will not "wade through improper denials and legal argument in search of a genuinely disputed material fact." *Bordelon v. Chicago Sch. Reform Bd.*, 233 F.3d 524, 529 (7th Cir. 2000). For these reasons, the Court finds that Ackercamps' motions fall short of the Court's expectation of strict compliance with Local Rule 56.1. *See Ammons v. Aramark Unif. Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004) ("Substantial compliance is not strict compliance.").

Notwithstanding the above violations, Ackercamps asserts that the Court ought to deny the motion to strike. For the Court to do otherwise, according to Ackercamps, would needlessly delay the case and "elevate form over substance, or procedure over justice." (Doc. 56, p. 6). The Court disagrees. Compliance with local rules governing summary judgment, like Local Rule 56.1, ensures that facts that are material to the issues

---

[3] The Court also notes that Ackercamps provided excerpts in its Response that mischaracterize the nature of the citations in its original motion. (Doc. 56, pp. 3-4). The excerpts are edited so that a citation appears to come directly after the material fact at issue, rather than where it appears in the original motion: at the end of the paragraph, directly after other material facts. (*Id.*).

5

in the case and the evidence supporting such facts are clearly organized and presented for the Court's summary judgment determination. *Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 219 (7th Cir. 2015). Here, denying the motion to strike would permit Ackercamps to effectively double the 20-page limit by arbitrarily separating counterclaims into two briefs alongside statements of material facts that lack clear organization and sufficient citations. Far from "elevating form over substance," such a ruling would undermine principles of fairness, judicial economy, and concise argument underlying Local Rule 56.1.

All litigants in this Court must adhere to the same rules. Ackercamps failed to comply with the Local Rules, and now it "must suffer the consequences, harsh or not." *Petty*, 754 F.3d at 420 (quoting *Midwest Imports, Ltd. v. Coval*, 71 F.3d 1311, 1317 (7th Cir. 1995)). Accordingly, the Court will strike the motions.

## Conclusion

For the reasons stated above, Travelers' Motion to Strike (Doc. 54) is **GRANTED**. The Clerk of the Court is **DIRECTED** to strike Ackercamps' Motions for Summary Judgment (Docs. 51, 52). Ackercamps' is **ORDERED** to file <u>one</u> Motion for Summary Judgment that complies with this Court's Local Rules and the Federal Rules for Civil Procedure within seven days of the docketing of this Order.

**SO ORDERED.**

Dated: November 22, 2024

*/ David W. Dugan*

---
DAVID W. DUGAN
United States District Judge